UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER EVANS,

        Plaintiff,                    No. 10-CV-11275

vs.                                        Hon. Gerald E. Rosen

WAYNE COUNTY, a Municipal
Corporation; WARREN EVANS,
former Wayne County Sheriff;
BENNY N. NAPOLEON, Succesor
Wayne County Sheriff; and KEVIN SEMAK,
Comander and Disciplinary Officer,
in their official and individual capacities,
jointly and severally.

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION TO FILE
SUR-REPLY AND TO RE-OPEN DISCOVERY

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on         November 18, 2011

        PRESENT:   Honorable Gerald E. Rosen
                                 United States District Chief Judge

On November 10, 2011, the Court entered an Opinion and Order granting Defendants' Motion for Summary Judgment and dismissed this case, in its entirety, with prejudice. On that same date, Plaintiff filed a "Motion for Order Allowing Plaintiff to File Sur-Reply to Defendant's [sic] Motion for Summary Judgment and to Reopen Discovery based on Acquisition of New Evidence." The "new" evidence upon which Plaintiff relies is an unsigned copy of a purported "Settlement Agreement" concerning

Thomas Browne, another Wayne County Deputy Sheriff with whom Plaintiff had sought to compare himself in support of his claim of race discrimination in opposing Defendants' Motion for Summary Judgment.  As indicated in its Opinion and Order of November 10, 2011, the Court determined that Plaintiff had failed to establish that Mr. Browne was a "comparable" non-protected class employee because Plaintiff failed to demonstrate that Browne was "similarly-situated" to him in all material respects. Plaintiff now seeks to refute this determination through the unsigned Settlement Agreement claiming that this agreement is evidence that Officer Browne was offered progressive discipline rather than being terminated for testing positive for drugs.  This "progressive discipline," according to Plaintiff, was a February 2010 conditional offer of reinstatement for one day, without back pay or benefits, for the sole purpose of permitting Mr. Browne to retire from Wayne County employment under Retirement Plan 5, "*if eligible*," in accordance with the terms of that Plan.

The terms of the unsigned "Settlement Agreement" state that Mr. Browne was to go in person to the office of the Wayne County Retirement System, on or before February 17, 2010 and complete all necessary paperwork and retire from the County no later than March 1, 2010.[1]  As this Agreement is unexecuted, there is nothing of record that shows Browne ever agreed to its terms, or that he, in fact, did retire.[2]  Furthermore,

---

[1] According to the unsigned documents appended to Plaintiff's Motion, these dates were apparently subsequently extended to June 14 and July 1, 2010, respectively.

[2] As indicated in the Court's Opinion and Order granting Defendants' Motion for Summary Judgment, according the record evidence as of the close of discovery and briefing in this matter, Mr. Browne had a grievance concerning his termination of

there is no indication that discovery of the retirement offer to Browne was withheld by Defendants, nor does Plaintiff explain why or how he "only recently discovered" this evidence.[3]

The Court previously granted Plaintiff a 60-day extension of the discovery cut-off in this case, and discovery did not close until January 31, 2011.  Defendants' Motion for Summary Judgment was not filed until February 28, 2011.  Defendants discussed Mr. Browne and the reasons why he should not be compared to Plaintiff in their Summary Judgment Brief filed on that same date.  Plaintiff was allowed until April 11, 2011 to file his Response Brief.  The unsigned "Settlement Agreement," by its terms, pre-dates Plaintiff's Response.  Yet, at no time prior to filing his Response -- indeed, at no time prior to November 10, 2011, the date on which the Order granting Defendants' motion for summary judgment was entered  -- did Plaintiff request that discovery be re-opened or indicate that he needed to respond to anything Defendants stated in their Reply Brief.[4]

---

employment that pending arbitration pursuant to the CBA.

[3] The Court notes that the Settlement Agreement upon which Plaintiff seeks to rely contains a confidentiality agreement which provides that "Mr. Browne, his agents, attorneys, assigns, heirs, and union representatives. . . shall not in any way make reference to, use, publish or disclose this Agreement, its contents or facts regarding this Agreement and the dispute to which this Agreement pertains to any person or organization except. . . pursuant to court order. . . ."

[4]  Defendants did not raise the issue of Plaintiff's comparison of himself to Mr. Browne in their Reply Brief.  Indeed, nowhere in the Reply is Mr. Browne even mentioned.  The Court will not permit a sur-reply that exceeds exceed the scope of arguments raised in Defendants' Reply Brief.  *See Dichter-Mad Family Partners, LLC v. United States*, 707 F. Supp. 2d 1016, 1041 n. 15 (C.D. Cal. 2010) (holding that proposed

"A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.". *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927–28 (2d Cir.1985).

Furthermore, to the extent that Plaintiff contends that Browne, a white officer, was afforded more lenient treatment than he was, and, therefore, the Settlement Agreement is evidence of racial discrimination, contrary to Plaintiff's assertions, merely showing that Browne may have been permitted to retire instead of being terminated is not enough.

As set forth in the Court's November 10, 2011 Opinion and Order, for Plaintiff to make out a comparison of his treatment to that of white officers, Plaintiff must show that he and his putative comparables are similarly-situated in *all* material respects. In other words, he must show that Browne "dealt with the same supervisor, [was] subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish [his] conduct or the employer's treatment of [him] for it." *Russell v. University of Toledo,* 537 F.3d 596, 607 (6th Cir. 2008).

The Court discussed Plaintiff's non-comparability to another officer who elected to retire in lieu of being terminated in its November 10 Opinion and Order. In that discussion, *see* 11/10/11 Opinion and Order, p. 17 [Dkt. # 36], the Court determined that

---

sur-reply that goes beyond scope of arguments raised in reply brief is procedurally improper; therefore, leave to file sur-reply is denied); *Bio v. Federal Express Corp.*, 2004 WL 1689362 at *5 n. 2 (S.D. Ind. 2004) (same).

Plaintiff was not similarly-situated to Michael Donikian -- or any other officer who may have retired in lieu of being fired -- because Plaintiff was not eligible for retirement. As noted in the Summary Judgment Opinion,

> Under Retirement Plan #4, in which Plaintiff was enrolled, an employee was entitled to retire at age 55 with 25 years of credited service. (Def's SJ Ex. 29, ¶37.05, §E). Plaintiff at the time of his termination was 54 years old and had only 22 years and three months of credited service. (Def's SJ Ex. 1, pg. 179). Although Plaintiff contends that he could have purchased his military time to be eligible for retirement at the time of his termination, he admits that he never took any action to do so. *Id*. at 179-181. In fact, when questioned, Plaintiff was not even sure how much the requisite military time would have cost him or whether he could have afforded it. *Id*. In addition, the Arbitrator, after listening to the arguments, was not convinced that Plaintiff was close enough in terms of time of service to buy sufficient time to be eligible for retirement. (Def's SJ Ex. 9, pg. 18).

11/10/11 Opinion and Order, p. 17, n. 14.

The foregoing discussion demonstrates that Plaintiff's proposed sur-reply to discuss Thomas Browne's retirement offer -- even if it were procedurally proper -- would be futile. And, as discussed above, Plaintiff has failed to show any good cause for reopening discovery at this late date.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's November 10, 2011 Motion for Order Allowing Plaintiff to File Sur-Reply to Defendant's Motion for Summary Judgment and

5

to Reopen Discovery **[Dkt. # 35]** is DENIED.

                               s/Gerald E. Rosen
                               Chief Judge, United States District Court

Dated: November 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2011, by electronic and/or ordinary mail.

                               s/Ruth A. Gunther
                               Case Manager